# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS B. MCCAMMON,** | CIVIL ACTION NO. 1:17-CV-1694 |
| Plaintiff | (Chief Judge Conner) |
| v. | |
| **ANDREW SAUL, Commissioner of the Social Security Administration,** | |
| Defendant | |

## ORDER

AND NOW, this 9th day of December, 2019, upon consideration of the report (Doc. 19) of Magistrate Judge Gerald B. Cohn, recommending that the court vacate the decision of the administrative law judge ("ALJ") denying the application of Thomas B. McCammon ("McCammon") for disability insurance benefits and remand this matter to the Commissioner of Social Security ("Commissioner") for further proceedings, and noting that the Commissioner has filed objections (Doc. 22) to the report, see FED. R. CIV. P. 72(b), and that McCammon filed a response (Doc. 23) thereto, and following *de novo* review of the contested portions of the report, see E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, see id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), the court being in agreement with Judge Cohn that the ALJ's decision is not supported by substantial evidence, see 42 U.S.C. § 405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001), concluding that remand is appropriate for the ALJ to properly evaluate the existence and extent of any functional limitations stemming from

McCammon's pacing behavior secondary to his anxiety, and accordingly finding the Commissioner's objection to be without merit,[1] it is hereby ORDERED that:

---

[1] We agree with Judge Cohn's recommendation that this matter be remanded, but we do so on alternative grounds. McCammon alleges that the ALJ erred by disregarding the "uncontradicted evidence" that McCammon "regularly paces for an hour to an hour and a half due to daily anxiety." (Doc. 12 at 26). Judge Cohn agreed with McCammon on this issue, opining that the ALJ erred by failing to explain her implicit rejection of a production limitation. (See Doc. 19 at 14-16). Judge Cohn's analysis rests on McCammon's testimony about his symptoms and about his unsuccessful work attempt as a material handler at K-Mart, which allegedly terminated due to his inability to meet production standards. (See id.) We are inclined to agree with the Commissioner that, without medical evidence supporting this symptom, the ALJ's implicit rejection of a pacing-related production limitation would survive substantial-evidence review. (Doc. 14 at 23). The Commissioner's objection to this aspect of Judge Cohn's report is grounded entirely in the perceived lack of objective medical evidence supporting a pacing-related production limitation. (See Doc. 22 at 17-18). The problem is that the medical record *does* include objective medical documentation of this symptom. Treatment notes from Dr. Satyajit Mukherjee ("Dr. Mukherjee"), McCammon's treating psychiatrist, document pacing behavior as far back as 2012. (See Tr. at 303). Most pertinently, in a treating-source opinion dated October 27, 2015, Dr. Mukherjee expressly identifies "psychomotor agitation"—which includes pacing—as a symptom of McCammon's anxiety disorder. (Id. at 609). The ALJ did not explore McCammon's medically-documented pacing behavior or explain her implicit rejection of a pacing-related production limitation, notwithstanding the medical and non-medical evidence suggesting that such a limitation exists. (See Tr. at 346-52). The Third Circuit has long recognized that the need for explanation by the ALJ is "particularly acute . . . when s/he has rejected relevant evidence or when there is conflicting probative evidence in the record." Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981). Because an "ALJ cannot reject evidence for no reason or for the wrong reason, . . . an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." Id. at 706-07 (citation omitted). The ALJ here did not engage with or explain her implicit rejection of the medical and non-medical evidence supporting a pacing-related production limitation. We thus cannot meaningfully review the ALJ's decision to determine if it is supported by substantial evidence. This error is not harmless, because proper assessment of McCammon's functional limitations impacts the remaining steps of the disability analysis. Because remand is warranted on this basis alone, we express no opinion on the balance of Judge Cohn's report or the Commissioner's objections thereto.

1. The report (Doc. 22) of Magistrate Judge Cohn is ADOPTED to the extent that the court concludes that the ALJ erred by failing to explain her implicit rejection of a pacing-related production limitation.

2. The court declines to adopt the balance of the report's recommendations, which are mooted by the court's remand on the ground identified in paragraph 1.

3. The Commissioner's decision is VACATED and this matter is REMANDED to the Commissioner with instructions to conduct a new administrative hearing, develop the record fully, and evaluate the evidence appropriately in accordance with this order.

4. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania